John T. McMACKIN d/b/a McMackin Hardware Co., on behalf of himself and all others similarly situated, Plaintiff,

v.

**SCHWINN BICYCLE COMPANY, Defendant.**

**No. 71 C 2751.**

United States District Court, N. D. Illinois, E. D.

Feb. 27, 1973.

W. Donald McSweeney, Schiff, Hardin, Waite, Dorshel & Britton, Chicago, Ill., for plaintiff.

Robert C. Keck, Price, Cushman, Keck & Mahin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon defendant's motion to vacate the Court's Memorandum Opinion and Order of September 29, 1972, or in the alternative, for an order limiting the class definition, approving its proposed notice to the class, and directing that such notice be mailed at plaintiff's expense.

### I.

Defendant argues that its motion to dismiss, which was denied in the previous opinion, should have been treated· as a motion for summary judgment because affidavits and other documentary evidence had been submitted. The only relief requested in defendant's motion and briefs was dismissal for failure to state a claim and the Court therefore excluded matters presented outside of the complaint. Defendant cannot now complain of the Court's failure to treat the issue as one under Fed.R.Civ.P. 56, having failed to seek such treatment at the time. Aside from this, summary judgment is rarely justified in antitrust cases. Poller v. Columbia Broadcasting Sys., Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).[1]

In the part of the previous opinion entitled "Common Questions Predominating," the Court discussed the various legal and factual issues under Count I, based on § 1 of the Sherman Act, and Count II, based on § 3 of the Clayton Act, 15 U.S.C. § 14. Although this discussion did not constitute a ruling on the merits the parties have construed it in widely divergent ways in their briefs on the instant motion. It thus appears that clarification of the earlier memorandum opinion is needed.

In its discussion of Count II and the test of economic power under § 3 of the

---

1. This rule seems peculiarly applicable here, where plaintiff might conceivably recover either under its claim that the alleged tying arrangement is *per se* illegal under § 1 of the Sherman Act, or upon a general showing under that act. Fortner Enterprises, Inc. v. United States Steel Corp., 394 U.S. 495, 499–500, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969).

Clayton Act, the previous opinion analyzed the issue in light of the *Fortner* case and cases and commentary following *Fortner*. Those cases, of course, dealt with the *per se* test of illegality under the Sherman Act, but they are deemed relevant also to the issue of the showing required under the Clayton Act.

 The relationship between the required showings under the two acts was first analyzed by the Supreme Court in Times-Picayune v. United States, 345 U.S. 594, 73 S.Ct. 872, 97 L.Ed. 1277 (1953):

> "From the 'tying' cases a perceptible pattern of illegality emerges: when the seller enjoys a monopolistic position in the market for the 'tying' product, *or* if a substantial volume of commerce in the 'tied' product is restrained, a tying arrangement violates the narrower standards expressed in § 3 of the Clayton Act because from either factor the requisite potential lessening of competition is inferred. And because for even a lawful monopolist it is 'unreasonable, *per se*, to foreclose competitors from any substantial market', a tying arrangement is banned by § 1 of the Sherman Act whenever *both* conditions are met."

*Id.* at 608–09, 73 S.Ct. at 880 (emphasis in original) (footnote omitted). The market power requirement has been eroded in § 1 cases over the years to the point where even absent market dominance over the tying product, the requisite power may be inferred from the tying product's desirability to consumers. When the seller has sufficient economic power in the tying product to accomplish the tie-in, and a not insubstantial amount of commerce in the tied product is affected, the arrangement violates both the Sherman Act and the Clayton Act. United States v. Loew's, Inc., 371 U.S. 38, 45, 83 S.Ct. 97, 9 L.Ed.2d 11 (1962); Northern Pac. Ry. v. United States, 356 U.S. 1, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958).

 The Court addressed the question of the effect of *Fortner* on the test of market power under the Clayton Act because, under the *Times-Picayune* analysis, a sufficient showing of power over the tying product would suffice to prove a violation of § 3, even without proof that a substantial volume of commerce in the tied product had been restrained. The conclusion that sufficient power for a § 3 violation may be inferred from the acceptance of a burdensome tie-in by an appreciable number of buyers in the market for the tying product is compelled by Justice Black's statement in *Fortner, supra,* 394 U.S. at 504, 89 S.Ct. 1252, and the interpretation it received in Advance Business Sys. & Supply Co. v. SCM Corp., 415 F.2d 55, 67–68 (4th Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970).

Of course, the Court's admonition that "plaintiff still must show that paragraph 2e is 'burdensome' " (in the sense that he has, in fact, been injured thereby in his business or property) applies regardless of whether he seeks to show a § 3 violation by market power over the alleged tying product or by the volume of commerce in the allegedly tied product which is restrained. 15 U.S.C. § 15.

## II.

 In its previous opinion, this Court, pursuant to Fed.R.Civ.P. 23(c)(1), determined that this suit may be maintained as a class action, and it ordered plaintiff to submit a proposed form of notice to class members. It has since come to the Court's attention that the Court of Appeals for the Seventh Circuit presently has before it a case which raises several class action issues, some of which are found also in this case. Lupia v. Stella D'Oro Biscuit Co., No. 72–8121 (7th Cir., filed Nov. 15, 1972). Should the court of appeals reach those issues (there is an initial question of the appealability of the district court's dismissal of class action allegations), its guidance would be of considerable value in this action.

Accordingly, pursuant to Rule 23(c)(1), the previous order determining that this suit may be maintained as

a class action is hereby stayed pending the court of appeals' decision in the *Lupia* case. Further action on the class issues and related motions in this case will be held in abeyance until further order of the Court. After *Lupia* is decided, the Court will consider the briefs heretofore submitted by the parties, as well as any further memoranda which may be necessitated by the decision of the court of appeals. In the meantime, discovery relating solely to the class action aspects of the case will be suspended.

It is so ordered.